Mario Pittoni, J.
Motion for an order determining that the action may be maintained as a class action is denied.
Movant has not met the requirements for a class action as set forth in CPLR 901. The alleged telephoned misrepresentations are individual to the different persons involved, and the common questions of law and fact do not predominate over the individual questions of reliance and damage. Proof of the cause of any one member of the proposed class would not automatically prove the cause of action for all members of the class.
In addition, plaintiff being the wife of the law partner in the firm which seeks to represent the class is not an appropriate representative of the class (Stull v Pool, 63 FRD 702, 704). As stated in Dennis v Saks & Co. (20 FR Serv 2d 994, 998): "One of the representative parties, Sheila Siskind, is the wife of an attorney who is associated with one of the law firms which represents her in her suit. As Judge Owen concluded last *580 year, '[t]he potential conflict of interest in this situation is obvious.’ Stull v. Pool, 63 F.R.D. 702, 704 (S.D.N.Y. 1974). Mrs. Siskind is thus motivated by at least two factors; (1) the vindication of her claim against the defendants, and (2) an interest in advancing the career and what may be a profitable association of her husband with his law firm. While both may arguably be said to motivate this plaintiff to a very active prosecution of the case, the latter motivation might be to the detriment of other class members if and when there are any settlement discussions in these cases.”
The possible damages obtainable by each member of the class with the purchase of a $5.65 potholder would not be worth the time and expense that is involved in discovery proceeding, class identification and notification. Punitive damages are not allowed (CPLR 901, subd [b]). Thus, it would not appear that a class action is superior to other available methods, particularly where plaintiff states in her moving affidavit that "I am personally very concerned with the fraud being practiced upon the consumers of this State and other states in which the defendants operate.”